```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 16-CIV-60656-GAYLES
                              MAGISTRATE JUDGE P.A. WHITE
JOEL OQUENDO,                 :

      Petitioner,             :

v.                            :     REPORT OF
                                    MAGISTRATE JUDGE
JULIE JONES,                  :

      Respondent.             :
_____
```

Introduction

Joel Oquendo, who is presently confined at Dade Correctional Institution in Florida City, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number 97-895CF10-C, entered in the Seventeenth Judicial Circuit Court of Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The court has before it the petition for writ of habeas corpus [DE#1], Respondent's response to an order to show cause and appendix of exhibits [DE10], and Petitioner's reply [DE#11s].

Claims

Ground One:   Actual innocence.

Ground Two:   Ineffective assistance of counsel in advising Petitioner to plead *nolo contendere*.

1

<pre>
Ground Three:   Ineffective  assistance  of counsel at
                sentencing in general.

Ground Four:    Ineffective  assistance  of counsel in
                failing  to  investigate  and  discover
                Petitioner's   co-defendant's   lesser
                sentence.

Ground Five:    Ineffective  assistance  of counsel in
                failing  to  compare  the  various
                defendants'  culpability  levels  at
                sentencing.
</pre>

## Procedural History

Petitioner pled guilty to one count of trafficking in cocaine and one count of conspiracy to traffic in cocaine. (DE#10, Exhs. 3-4). On March 8, 2007, the state trial court sentenced Petitioner to a mandatory minimum fifteen years in prison. (Id. at Exhs.5-6).

On April 10, 2007, pursuant to the "prison mailbox rule,"[1] Petitioner submitted a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. (Id. at Exh.7). The trial court summarily denied the motion and Petitioner appealed. (Id. at Exhs.13-14). On November 26, 2008, the Fourth District Court of Appeal reversed the summary denial in a published opinion. Oquendo v. State, 2 So. 3d 1001 (Fla. Dist. Ct. App. 2008). The trial court then conducted evidentiary proceedings on the motion. (DE#10, Exhs.23-24).

On January 27, 2012, the trial court issued a written order denying the motion (Id. at Exh.25), and Petitioner again appealed. (Id. at Exh.26). On June 20, 2013, the Fourth District Court of Appeal affirmed the denial of the motion in a *per curiam* opinion. Oquendo v. State, 117 So. 3d 1105 (Fla. Dist. Ct. App. 2013). The mandate issued on July 19, 2013. (DE#10, Exh.30).

---

[1] The "prison mailbox rule," provides that a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to a court clerk. Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

On June 12, 2014, Petitioner submitted a second motion for post-conviction relief pursuant to Rule 3.850. (Id. at Exh.31). On January 22, 2015, the trial court issued a written order denying the motion as time-barred and impermissibly successive (Exhibit 36). Petitioner appealed this order as well. (Id. at Exh.37). On May 28, 2015, the Fourth District affirmed the denial of the motion in a *per curiam* opinion. Oquendo v. State, 195 So. 3d 389 (Fla. Dist. Ct. App. 2015). The mandate issued on June 26, 2015, (DE#10, Exh.41).

On February 26, 2016, in the Fourth District Court of Appeal, Petitioner filed a petition for writ of mandamus to compel the clerk of the court to comply with a public records request. (Id. at Exh.42). On March 23, 2016, Petitioner then filed the instant petition for writ of habeas corpus. (DE#1). The same day that Petitioner filed his federal habeas petition, the Fourth District Court of Appeal transferred the mandamus petition to the trial court. (DE#10, Exh.43). Thereafter, on April 29, 2016, the state trial court denied the petition. (Id. at Exh.46).

## Statute of Limitation

Because petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(per curiam). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[2]

---

[2]The statute provides that the limitations period shall run from the latest of —

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation

See, 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ...."). Once the limitations period is triggered, the AEDPA clock begins to run.

A properly filed application for state post-conviction relief stops the AEDPA clock, and tolls the limitations period. See 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The AEDPA clock and limitations period then resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief.[3] Lawrence v. Florida, 549 U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). In order to toll the limitations period, however, the state motion for post-conviction relief must be filed before the limitations period expires. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster

>   of the Constitution or laws of the United States
>   is removed, if the applicant is prevented from
>   filing by such State action;
>
> (C) the date on which the constitutional right
>     asserted was initially recognized by the Supreme
>     Court, if that right has been newly recognized by
>     the Supreme Court and made retroactively
>     applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the
>     claim or claims could have been discovered
>     through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[3]In cases where the defendant does not file a notice of appeal, the AEDPA's limitations period resumes again when the time to seek appellate review of the order denying post-conviction relief expires. See Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). In cases where the defendant moves to voluntarily dismiss the application for state post-conviction relief, the limitations period resumes again on the date that the trial court grants the voluntary dismissal. See Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003).

v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2000)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

In this case, the limitations period began to run from the date when Petitioner's judgment of conviction became final.  In such cases, the AEDPA "marks finality as of 'the conclusion of direct review of the expiration of the time for seeking such review[.]'"  Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 653 (2012); see also 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009).  In cases where a criminal defendant pursues direct review to the United States Supreme Court, judgment becomes final when the Supreme Court affirms the conviction on the merits or denies the petition for certiorari.  Gonzalez, 132 S.Ct. at 653.  In all other cases, the judgment becomes final when the time for pursuing direct review in the Supreme Court, or in state court, expires.  Id.

Here, Petitioner did not appeal his judgment of conviction. His conviction and sentence thus became final when the thirty-day period for seeking an appeal under the Florida Rules of Appellate Procedure expired.  See Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3d DCA 1997); Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988); Fla. R. App. P. 9.110(b) (a notice of appeal must be filed within thirty days of rendition of the order to be reviewed); Fla. R. App. P. 9.020(h) ("Rendition" means the filing, not the service, of a signed written order with the clerk of the lower tribunal); see also Gonzalez, 132 S.Ct. at 653; 28 U.S.C. § 2244(d)(1)(A) (one-year period is measured from the date on which the judgment became final by the

5

conclusion of direct review).  That date was April 9, 2007, which is thirty days after the judgment was entered on March 8, 2007.[4]

As set forth above, Petitioner filed his first state motion for post-conviction relief pursuant to Fla.R.Crim.P 3.850 on April 10, 2007.  At that point, only **one day** of untolled time had expired from April 9, 2007, the date on which the AEDPA's one-year limitations period began to run.  The limitations period then remained tolled until July 19, 2013, the date on which Florida's Fourth District Court of Appeal issued its mandate disposing of Petitioner's appeal from the order denying his 3.850 motion. However, Petitioner did not file the instant federal petition for writ of habeas corpus until March 16, 2016, some **978 days** after the Fourth District's July 19, 2013 mandate, bringing the total to **979 day** of untolled time.  As such, the instant petition is time-barred under §2244(d)(1)(A).[5]

In the section of his petition regarding timeliness (Id. at ¶18), Petitioner alleges that he has been "stalled" from filing the instant petition because the clerk of Broward County has refused to supply Petitioner with needed records.  According to Petitioner, his petition for writ of mandamus to compel the clerk to provide the documents will toll his federal habeas time to the date of his request, and he is just filing the instant petition to "alert" this Court that his delay in filing it is due to his inability to obtain the records.  Liberally construed, this appears to be a claim that Petitioner is entitled to equitable tolling of the statute of

---

[4]Thirty days after March 8, 2007 fell on Saturday, April 7, 2007.

[5]Petitioner's second 3.850 motion did not toll the time because the motion was untimely and successive. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); Gorby v. McNeil, 530 F.3d 1363, 1368 (11th Cir. 2008) ("Petitioner's second successive motion was untimely under Florida law. Accordingly, his motion was not "properly filed" for purposes of AEDPA's tolling provision").

limitations. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(pro se filings should be liberally construed, and are subject to less stringent pleading requirements); see also Graham v. Henderson, 89 F.3d 75, 79 (2nd Cir. 1996)(when read liberally, a pro se habeas petition "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'")(*quoting* Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994).

If a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition under certain circumstances. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Section 2244 thus does not bar the application of doctrine of equitable tolling in an appropriate case. See Id. However, because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d, 1221 1226 (11th Cir. 2005).

The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests squarely with the petitioner. San Martin v. McNeil, 633 F.3d 1257, 1270 (11th Cir. 2011)(*citing* Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)); Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin, 633 F.3d at 1270 (*citing* Drew, 297 F.3d at 1292–93); Pugh v. Smith, 465 F.3d 1295, 1300-01 (11th Cir. 2006); Helton v. Sec'y for the Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001)(*per curiam*), cert. denied, 535 U.S. 1080 (2002).

In order for a habeas petitioner to establish that he is entitled to equitable tolling, he must show that: (1) he acted with reasonable diligence; and (2) "some extraordinary circumstance

stood in his way and prevented timely filing." Holland, 130 S.Ct. at 2562 (internal quotation marks omitted); see also Helton, 259 F.3d at 1312 (stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)(*per curiam*)(holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 130 S.Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, like the Supreme Court's articulation in Holland, the Eleventh Circuit has also required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of a petition. See San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011); Lawrence v. Florida, 421 F.3d 1221, 1226–27 (11th Cir. 2005). In order to be entitled to equitable tolling, therefore, Petitioner must show more than due diligence and the mere existence of some extraordinary circumstance. Holland, 560 U.S. at 645. He must also show that the alleged extraordinary circumstance actually stood in his way and prevented timely filing. Id.

Finally, although the equitable tolling standard is generally a two-part test, courts need not consider whether extraordinary circumstances exist if a petitioner's delay in filing the federal habeas petition exhibits a lack of due diligence, or if the petitioner cannot establish the necessary causation between the alleged extraordinary circumstance and the failure to make a timely filing. See, e.g., Perez v. Florida, 519 Fed.Appx. 995, 997 (11th Cir. 2013(*citing* Diaz v. Sec'y for Dep't of Corrs., 362 F.3d 698,

702 & n. 7 (11th Cir.2004) (expressly refusing to consider Diaz's extraordinary circumstances argument in light of his unexplained 532-day delay in filing his § 2254 petition); Marsh v. Soares, 223 F.3d 1217, 1221 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(rejecting equitable tolling clam because, even if temporary closure of prison library constituted extraordinary circumstances, petitioner had not shown "how this lack of access caused his delay in filing").

Here, any equitable tolling claim that Petitioner may be meaning to raise fails on multiple fronts. Petitioner asserts that he has been delayed because he has been attempting to obtain records that he allegedly needs in order to file his petition. However, it is well-settled that the AEDPA "does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might ... support his claim." Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998). A habeas petitioner need only state the facts supporting each ground for relief, and sign his initial application under penalty of perjury. See Rule 2(c), Rules Governing Section 2254 Cases ("§2254 Rules"). He or she need not make legal arguments at the time of filing, nor provide evidence and supporting documentation at the pleading stage. Id.

Moreover, here there is no basis to conclude that Petitioner needed anything other than paper and pen to file his habeas petition. As set forth above, Petitioner's claims in this proceeding are that he is actually innocent, and that counsel was ineffective in advising Petitioner to plea and at sentencing. However, if Petitioner is actually innocent then he has obviously known this all along, and doesn't need anything from a state court record to plead such a claim. Indeed, as will be set forth *infra*, a claim of actual innocence generally requires the submission of **new** evidence, not that which is already in the record. With regard

9

to Petitioner's claim that counsel was ineffective in connection with his plea, Petitioner was also obviously present when any alleged misadvice was given, and would therefore know what occurred. Indeed, the record reflects that counsel's alleged deficiencies in connection with Petitioner's plea were the focus of Petitioner's first 3.850 motion, on which an evidentiary hearing was held. And with regard to Petitioner's claims that counsel was ineffective in connection with sentencing, Petitioner was present and, again, would therefore know in general terms what occurred there. Most importantly, however, Petitioner's purported placeholder petition itself belies any claim that Petitioner needed anything else to file his petition. Specifically, the petition that Petitioner has filed contains more than enough factual support for each claim. This was all that Petitioner needed to do; that is, just state the facts - facts which he already knew were the basis of his claim. See Rule 2(c), §2254 Rules; Flanagan, 154 F.3d at 199.

Finally, as set forth above, one of Petitioner's substantive claims for relief is that he is actually innocent. Therefore, even though Petitioner has not asserted actual innocence as a basis to overcome the limitations period, the Court liberally construes the instant petition as raising such a claim. See Haines, 404 U.S. 520-521 (pro se filings should be liberally construed); Graham, 89 F.3d at 79 (a pro se habeas petitions should be read liberally to raise the strongest arguments they suggest).

Actual innocence may also serve to overcome the procedural bar caused by an untimely filing. As the United States Supreme Court has held, actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), or expiration of the AEDPA statute of

10

limitations. McQuiggin v. Perkins, ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013).

"[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. at 538. "In the usual case the presumed guilt of a prisoner convicted in state [or federal] court counsels against federal review of [untimely] claims." Id. at 537. *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House, 547 U.S. at 536-37(quoting Schlup, 513 U.S. at 327, 115 S.Ct. 851). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Thus, "[a] court also may consider an untimely petition if, by refusing to consider the petition for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011)(*citing* Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)).

Here, Petitioner offers nothing other than his own assertion that he was asked by his co-defendant to ride in the co-defendant's car who, unbeknownst to Petitioner, was working as a confidential

informant to work off unrelated drug charges. According to Petitioner, he had no knowledge of any drugs in the car, nor did he conspire to traffic any drugs. These self-serving statements do not even begin to make a *prima facie* showing of actual innocence, and thus cannot meet the exacting standard to overcome the statute of limitations. See Schlup, 513 U.S. at 324 (a claim of actual innocence requires petitioner to support his allegations with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial); Bousley, 523 U.S. at 623.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the 2applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Id. Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack

v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484). "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

Having determined that Petitioner's claims are barred on procedural grounds, the court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant motion. After reviewing the issues presented in light of the applicable standard, the court concludes that reasonable jurists would not find debatable the correctness of the court's procedural rulings. Accordingly, a certificate of appealability is not warranted. See Slack, 529 U.S. at 484-85 (each component of the §2253(c) showing is part of a threshold inquiry); see also Rose, 252 F.3d at 684.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be DISMISSED AS TIME BARRED, and that no certificate of appealbility be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including

any objections to the recommendation that no certificate of appealability be issued.

SIGNED this 1st day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Joel Oquendo
     472173
     Dade Correctional Institution
     Inmate Mail/Parcels
     19000 SW 377th Street
     Florida City, FL 33034

     Mark John Hamel
     Attorney General Office
     1515 N Flagler Drive
     9th Floor
     West Palm Beach, FL 33401-3432